UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL L. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:18-cv-02911 CKD<br><br><br><br>ORDER |

   Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. (ECF No. 29.) Plaintiff seeks fees in the amount of $12,290.46 based on 59.9 hours. Plaintiff's counsel's work in the district court proceedings in this case spanned the years 2018, 2019, and 2020. Plaintiff seeks reimbursement for 1.1 hours at the 2018 EAJA rate of $201.60; 56.8 hours at the 2019 EAJA rate of $205.25; and 2.0 hours at the 2020 EAJA rate of $205.25. Defendant has filed an opposition. (ECF No. 32.)

   A. Substantial Justification

   The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in

obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, judgment was entered in plaintiff's favor and the matter remanded for an immediate award of benefits. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Here, the court held that the ALJ erred when rejecting the opinions of plaintiff's treating rheumatologist that she was unable to sustained work at the sedentary level and further erred by not including mental limitations in the RFC finding. (ECF No. 27 at 11, 14.) The court found that the record was fully developed and a remand for further administrative proceedings would serve no purpose. (Id. at 14-16.) The court reversed the Commissioner's decision and remanded the matter for immediate award of benefits. (Id. at 16.)

Defendant contends the government's position was substantially justified. In support of this contention, defendant argues the same contentions submitted in support of the government's

cross-motion for summary judgment.  Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, having reviewed the record and argument in this case, and given the outcome of remand for benefits, the court finds that the position of the United States was not substantially justified.  Fees under the EAJA will therefore be awarded.

        B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Here, plaintiff's counsel obtained a judgment in plaintiff's favor and a remand for an immediate award of benefits.

Defendant contends that plaintiff's billing was not adequately itemized and thus unreasonable.  Plaintiff submitted a 44-page opening brief and a 4-page reply brief, based on review of a 2,395-page Administrative Transcript including a voluminous medical record.  With respect to plaintiff's counsel's time reviewing the transcript, briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of hours, the court has determined the hours claimed are reasonable.  Plaintiff's counsel's tasks are adequately itemized.  See ECF No. 29-3.  The rate claimed is also reasonable.  Plaintiff will therefore be awarded the full amount requested.  The EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for EAJA fees (ECF No. 29) is granted; and

2.  Fees pursuant to the EAJA are awarded to plaintiff in the amount of $12,290.46.

Dated:  October 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2.martin2911.eaja.mot-opp